EDWARD M. BIRDSALL, APPELLEE, V. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, APPELLANT.

FILED DECEMBER 4, 1913.   No. 17,439.

Trial: QUESTION FOR JURY: NEGLIGENCE. The issue of negligence should be submitted to the jury, where reasonable men may draw diverse inferences from all of the circumstances proved.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*A. A. McLaughlin, Wymer Dressler* and *Edgar R. Hart,* for appellant.

*Albert W. Crites, contra.*

Rose, J.

This is a suit to recover the value of a mare alleged to have been killed on defendant's railroad track. The substance of the case pleaded by plaintiff is that at a farmcrossing about a mile west of Chadron defendant negligently left a gate open between a pasture and the railroad; that the animal strayed through the opening upon the railroad track and was struck by a locomotive; that defendant was negligent in operating its train, failing to stop it in time to prevent the collision. Defendant denied negligence. The case was tried to a jury. There was evidence on both sides. The trial court directed a verdict for plaintiff, and from a judgment in his favor for $197.35 defendant has appealed.

One of the assignments is that the trial court erred in directing a verdict for plaintiff. The parties do not agree on the facts proved or on the inferences to be drawn therefrom. Though two abstracts have been filed, the entire bill of exceptions has been read to find a justification for the peremptory instruction.

1. From the evidence, would reasonable men draw the inference only that defendant was negligent in leaving the gate open? The right of way had been fenced by the railroad company. The next friend, the father of plaintiff, owned the pasture. The ranch of which the pasture was a part was occupied by a tenant. The gate and the farmcrossing were maintained for the convenience of the landowner and his tenants, but were frequently used by others. The accident occurred December 27, 1909. Plaintiff proved by one of his witnesses that the gate was found open and left closed Christmas morning. How it was afterward opened before the mare was killed or by whom is not proved. Actual knowledge of defendant that it was open between December 25 and December 27 is not shown. Whether defendant was chargeable, if at all, with constructive notice that it was open in the interim in time to close it before the mare strayed from the pasture would,

in the aspect most favorable to plaintiff, be a question for the jury. A witness for plaintiff said that the gate was made of boards and was not long enough to slide between two posts which stood at the end where it closed. He admitted, however, that it would rest against one of the posts, and there is nothing to show that in this condition it would not protect stock from the railroad track. Besides, a defect in the gate or in the fence was not pleaded. The issue that the gate was negligently left open was not established as a matter of law.

2. Was it established as a matter of law that the negligent operation of defendant's train was the proximate cause of the injury? Plaintiff asserts that the mare was struck in daylight on a track where she could be seen from defendant's engine for nearly a mile. There is no testimony by any eye-witness. When or by what train the animal was struck is left in doubt. Evidence tending to show that the accident occurred in the daytime conflicts with other proof. In addition, plaintiff adduced evidence that between the gate and the place where the mare was struck there were horse tracks beside the railroad grade on one side of the right of way, if not on both. For anything appearing in the record the mare may have run suddenly and unexpectedly onto the track ahead of a train which could not be stopped in time to prevent a collision. Reasonable men may draw different inferences from all of the circumstances which tend to show negligence on part of defendant. The sufficiency of the evidence to sustain a verdict in favor of plaintiff is neither presented nor decided.

For the error in directing a verdict, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.